IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

CHARLES BRIDGES,                         )
                                         )
            Plaintiff                    )
                                         )
        v.                               )
                                         )        Civil Action
MICHAEL J. ASTRUE, Commissioner,         )        No. 12-cv-02316
   Social Security Administration;       )
JASPER J. BEDE;                          )
JANET LANDESBURG; and                    )
REANA SWEENEY,                           )
                                         )
            Defendants                   )

                        *       *       *

APPEARANCES:

        ALPHONSO ARNOLD, JR., Esquire
            On Behalf of Plaintiff

        ZANE DAVID MEMEGER, United States Attorney
        MARGARET L. HUTCHINSON, Assistant United States Attorney
        SUSAN DEIN BRICKLIN, Assistant United States Attorney
            On Behalf of Defendants

                        *       *       *

                   **O P I N I O N**

JAMES KNOLL GARDNER
United States District Judge

                [SPACE INTENTIONALLY LEFT BLANK]

**TABLE OF CONTENTS**                                    <u>Page</u>

<u>SUMMARY OF DECISION</u>.................................................. 3

<u>JURISDICTION</u>......................................................... 5

<u>VENUE</u>............................................................... 6

<u>PROCEDURAL HISTORY</u>.................................................. 7

   <u>Initial Complaint and Motion to Dismiss</u> ...................... 7

   <u>Amended Complaint and Pending Motion to Dismiss</u> ............. 7

   <u>Supplemental Pleadings</u> ...................................... 8

   <u>Plaintiff's Request for Injunctive Relief</u> ................... 10

<u>STANDARD OF REVIEW</u>................................................. 12

<u>FACTS</u>.............................................................. 15

   <u>Parties</u> ..................................................... 15

   <u>Social Security Claims Process</u> ............................. 17

   <u>Role of HOCALJ</u> .............................................. 18

   <u>Harrisburg, Pennsylvania Hearing Office</u> ..................... 21

   <u>Plainitiff's Removal as HOCALJ</u> ............................. 24

   <u>Defendant Landesburg's Grievance</u> ........................... 25

   <u>Subsequent Events</u> .......................................... 28

<u>PLAINTIFF'S CLAIMS</u>................................................. 28

   <u>Federal Claims</u> .............................................. 28

   <u>State Claims</u> ................................................ 30

<u>CONTENTIONS OF THE PARTIES</u>........................................ 33

   <u>Contentions of Defendants</u> .................................. 33

   <u>Contentions of Plaintiff</u> ................................... 36

   <u>Reply of Defendants</u> ........................................ 37

<u>DISCUSSION</u>......................................................... 39

   <u>Claims Against Individual Federal-Employee Defendants</u> ....... 39

      <u>Title VII Exclusivity</u> .................................... 39

      <u>Federal Tort Claims Act Exclusivity</u> ...................... 44

   <u>Title VII Claims Against Social Security Administration</u> ..... 46

      <u>Hostile Work Environment</u> ................................. 47

      <u>Timeliness</u> ............................................... 48

      <u>Retaliation</u> .............................................. 52

<u>CONCLUSION</u>......................................................... 54

## SUMMARY OF DECISION

This matter is before the court on Defendants' Motion to Dismiss Amended Complaint ("Motion to Dismiss").[1]  For the reasons expressed below, I grant in part and deny in part the Motion to Dismiss.

Specifically, I grant defendants' Motion to Dismiss to the extent that it seeks to dismiss any claims asserted in the Amended Complaint against the individual federal-employee defendants Jasper J. Bede, Janet Landesburg, and Reana Sweeney which allege racial discrimination in violation of the United States Constitution, 42 U.S.C. §§ 1981a, 1983, or any other federal statute.  I grant defendants' within motion in that respect because Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000(e) to 2000(e)-17 ("Title VII") provides plaintiff's exclusive remedy for such claims, and

---

[1]        The Motion to Dismiss was filed March 28, 2013 (Document 31), together with a Memorandum of Law in Support of Defendants' Motion to Dismiss ("Defendants' Memorandum")(Document 31), and Exhibits A through C to the Motion to Dismiss (together, Document 31-1).

On April 12, 2013, Plaintiff's Answer in Opposition to Defendants' Motion to Dismiss ("Plaintiff's Answer to Motion")(Document 32) was filed, together with Plaintiff's Memorandum in Support of His Answer in Opposition to Defendants' Motion to Dismiss ("Plaintiff's Memorandum") (Document 32-1), and two documents in support of Plaintiff's Answer to Motion (a Certificate of Appointment as Chief Administrative Law Judge of the Harrisburg Hearing Office and a position description for Administrative Law Judge)(together, Document 32-2).

Federal Defendants' Reply Brief in Support of Motion to Dismiss was filed, with leave of court, on August 21, 2013 ("Defendants' Reply Brief")(Document 36).

because the individual employee defendants are not proper defendants for such a Title VII claim.

Additionally, I grant defendants' Motion to Dismiss as uncontested to the extent that it seeks to dismiss plaintiff's Pennsylvania pendent state-law claims asserted in Counts IV through VIII of the Amended Complaint because plaintiff did not respond to defendants' argument that such claims were required to be asserted against the United States under (and in compliance with the administrative exhaustion requirements of) the Federal Tort Claims Act, 28 U.S.C. §§ 2671 to 2680 ("FTCA"). Accordingly, Counts IV through VIII of the Amended Complaint are dismissed.

Furthermore, I grant defendants' Motion to Dismiss as uncontested to the extent that it seeks to dismiss plaintiff's hostile-work-environment and retaliation claims under Title VII because plaintiff did not respond to defendants' arguments that he failed to plead sufficient facts to establish plausible claims that he was subject to (1) a racially-hostile work environment, or (2) retaliation in response to Title VII-protected activity.

However, I deny defendants' Motion to Dismiss to the extent that it seeks to dismiss plaintiff's claim that he was removed from the position of Hearing Office Chief Administrative Law Judge ("HOCALJ") in Harrisburg, Pennsylvania because his

-4-

removal from the HOCALJ position was not an adverse employment action.  Nevertheless, I grant defendant's motion to the extent that it seeks to dismiss that claim as time-barred because plaintiff did not pursue equal employment opportunity counseling within 45 days of his removal as required by Title VII and because the facts averred by plaintiff do not support equitable tolling or delay of the limitations period under the discovery rule.

Finally, I deny defendants' motion to dismiss Count II of the Amended Complaint.  Defendants seek the dismissal of Count II on the ground that Count II is precluded by Title VII. However, Count II does not allege illegal discrimination and is, thus, not precluded by Title VII.  Count II actually alleges, and seeks a declaratory ruling, that plaintiff was removed from the HOCALJ position in Harrisburg, Pennsylvania in violation of his right to procedural due process.

Accordingly, because plaintiff's claims in Count I and Counts III through VIII are dismissed, the sole count remaining for disposition in the Amended Complaint is plaintiff's claim in Count II.

## JURISDICTION

Jurisdiction is based upon federal question jurisdiction pursuant to 28 U.S.C. § 1331.  This court has

supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over

plaintiff's pendent state-law claims.

## VENUE

Venue is proper pursuant to both 42 U.S.C.

§ 2000e-5(f)(3),[2] and 28 U.S.C. § 1391(e)(1)(C).[3]

---

[2]     Section 2000e-5(f)(3) provides that

        [e]ach United States district court...shall have jurisdiction of
        actions brought under [Subchapter VI, Chapter 21, Title 42 of the
        United States Code].  Such an action may be brought [1] in any
        judicial district in the State in which the unlawful employment
        practice is alleged to have been committed, [2] in the judicial
        district in which the employment records relevant to such
        practice are maintained and administered, or [3] in the judicial
        district in which the aggrieved person would have worked but for
        the alleged unlawful employment practice, but if the respondent
        is not found within any such district, such an action may be
        brought within the judicial district in which the respondent has
        his principal office.

42 U.S.C. § 2000e-5(f)(3).

        Here, the unlawful employment practice of which plaintiff
complains is alleged to have been committed, in substantial part, in
Pennsylvania.  Moreover, plaintiff alleges that the relevant employment
records are kept by the Regional Chief Administrative Law Judge, Region 3,
Social Security Administration, in Philadelphia, Pennsylvania, which is
located within this judicial district.  See 28 U.S.C. § 118.

[3]     Section 1391(e)(1)(C) provides that

        [a] civil action in which a defendant is an officer or employee
        of the United States or any agency thereof acting in his official
        capacity or under color of legal authority, or an agency of the
        United States, or the United States, may, except as otherwise
        provided by law, be brought in any judicial district in
        which...(C) the plaintiff resides if no real property is involved
        in the action.

28 U.S.C. § 1391(e)(1)(C).

        Here, plaintiff resides in Mount Joy, Lancaster County,
Pennsylvania, which is located within this judicial district.  See 28 U.S.C.
§ 118.

**PROCEDURAL HISTORY**

**Initial Complaint and Motion to Dismiss**

Plaintiff initiated this action by filing his Complaint on April 30, 2012.[4]

Defendants filed a motion to dismiss plaintiff's Complaint on September 24, 2012.[5]  Plaintiff's response in opposition to defendants' motion to dismiss the Complaint also contained a request for leave to file an amended complaint.

By Order dated February 12, 2013 and filed February 13, 2013, I granted plaintiff's request for leave to file an amended complaint and dismissed defendants' motion to dismiss plaintiff's original Complaint as moot.[6]

**Amended Complaint and Pending Motion to Dismiss**

Plaintiff filed his Amended Complaint together with supporting exhibits on March 15, 2013.[7]

Defendants filed their Motion to Dismiss and supporting materials on March 28, 2013.[8]  Plaintiff filed his

---

[4]　　　　Document 1.

[5]　　　　Document 14.

[6]　　　　Document 26.

[7]　　　　Documents 30 through 30-2.

[8]　　　　Documents 31 and 31-1.

answer, brief in opposition, and attachments on April 12, 2013.[9]
Defendants' Reply Brief[10] was filed with leave of court on
August 21, 2013.[11]

### Supplemental Pleadings

On November 15, 2013 plaintiff filed a motion for
leave to file a supplemental pleading pursuant to Rule 15(d) of
the Federal Rules of Civil Procedure.[12]

By Order dated January 7, 2014 and filed January 8,
2014,[13] I granted the motion for leave to file a supplemental
pleading as uncontested when defendants did not file a response
in opposition to that motion for leave, and gave defendants
until January 24, 2014 to answer or otherwise respond to
plaintiff's supplemental pleading.  Plaintiff's supplemental
pleading and attached documents were filed January 8, 2013.[14]

On January 22, 2014 -- two days before the deadline
for defendants to respond to plaintiff's first supplemental

---

[9]       Documents 32 through 32-3.

[10]      Document 36.

[11]      See Order dated and filed August 21, 2013 (Document 35).

[12]      Document 37.

[13]      Document 38.

[14]      Documents 39 and 39-1.

pleading -- plaintiff filed a motion for leave to file a second supplemental pleading.[15]

On January 24, 2014 defendants filed a motion[16] requesting the court to dismiss plaintiff's first supplemental pleading filed January 8, 2014 and to deny plaintiff's motion for leave to file a second supplemental pleading.

Plaintiff did not file a brief or memorandum of law in opposition to defendants' January 24, 2014 motion to dismiss the first supplemental pleading and to deny the request for second supplemental pleading.[17]  Rather, on February 10, 2014, plaintiff filed a motion requesting permission to add additional documents to the appendix submitted on January 22, 2014 together with his proposed second supplemental pleading.

Plaintiff's February 10, 2014 motion to supplement was accompanied by a brief in support of his request to supply additional documents, but that brief did not in any way respond to defendants' January 24, 2014 motion to dismiss the first supplemental pleading and to deny the request for second supplemental pleading.

---

[15]        Documents 41 through 41-4.

[16]        Documents 42 through 42-1.

[17]        See Documents 43 through 43-2.

Accordingly, by Order dated and filed February 24, 2014,[18] I granted defendants' January 24, 2014 motion to dismiss the first supplemental pleading and to deny the request for second supplemental pleading.  Because plaintiff's first supplemental pleading was dismissed and his request to file a second supplemental pleading was denied, neither supplemental pleading is presently before the court, nor are they considered with respect to the Motion to Dismiss now before the court.

### Plaintiff's Request for Injunctive Relief

On Friday, February 21, 2014, plaintiff filed a motion for a temporary restraining order and preliminary injunction.[19] I entered an Order[20] that day scheduling a hearing on that motion for Monday, February 24, 2014.

Plaintiff and his counsel did not appear at the February 24, 2014 hearing.  Upon oral motion made at the February 24, 2014 hearing by Assistant United States Attorney Susan Dein Bricklin, counsel for defendants, I dictated an Order[21] dismissing plaintiff's motion for temporary restraining order and preliminary injunction.

---

[18]      Document 48.

[19]      Documents 44 through 44-1.

[20]      Document 45.

[21]      Document 49.

The next day, February 25, 2014, plaintiff filed a motion for reconsideration[22] of my February 24, 2014 Order granting defendants' oral motion and dismissing plaintiff's February 21, 2014 motion for temporary restraining order and preliminary injunction.  On February 26, 2014, plaintiff filed supplemental papers[23] in further support of his motion for reconsideration.

On March 4, 2014 plaintiff filed a motion to withdraw[24] his motion for reconsideration.

On March 6, 2014 plaintiff filed in this court a notice of appeal to the United States Court of Appeals for the Third Circuit.[25]  The Notice of Appeal included both the February 24, 2014 Order concerning his supplemental pleadings (which Order was not the subject of plaintiff's February 25, 2014 motion for reconsideration) and the February 24, 2014 Order granting defendants' oral motion to dismiss plaintiff's motion for temporary restraining order and preliminary injunction (which Order was the subject of plaintiff's February 25, 2014 motion for reconsideration).

---

[22]       Documents 51, 51-1, and 52.

[23]       Document 53.

[24]       Document 56.

[25]       Document 57.

By Order dated March 20, 2014 and filed March 21, 2014,[26] I granted plaintiff's motion to withdraw and ordered his motion for reconsideration withdrawn.

Hence this Opinion.

## STANDARD OF REVIEW

A claim may be dismissed under Federal Rule of Civil Procedure 12(b)(6) for "failure to state a claim upon which relief can be granted."  A Rule 12(b)(6) motion requires the court to examine the sufficiency of the complaint. Conley v. Gibson, 355 U.S. 41, 45, 78 S.Ct. 99, 102, 2 L.Ed.2d 80, 84 (1957) (abrogated in other respects by Bell Atlantic Corporation v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)).  Generally, in ruling on a motion to dismiss, the court relies on the complaint, attached exhibits, and matters of public record, including other judicial proceedings.  Sands v. McCormick, 502 F.3d 263, 268 (3d Cir. 2008).

Except as provided in Federal Rule of Civil Procedure 9, a complaint is sufficient if it complies with Rule 8(a)(2), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief".  Rule 8(a)(2) does not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is

---

[26]     Document 59.

plausible on its face.  <u>Twombly</u>, 550 U.S. at 570, 127 S.Ct. at 1974, 167 L.Ed.2d at 949.[27]

In determining whether a complaint is sufficient, the court must accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading, the plaintiff may be entitled to relief.  <u>Fowler</u>, 578 F.3d at 210 (citing <u>Phillips v. County of Allegheny</u>, 515 F.3d 224, 233 (3d Cir. 2008)).

Although "conclusory" or "bare-bones allegations" will not survive a motion to dismiss, <u>Fowler</u>, 578 F.3d at 210, a complaint may not be dismissed merely because it appears unlikely that the plaintiff can prove those facts or will ultimately prevail on the merits.  <u>Phillips</u>, 515 F.3d at 231. Nonetheless, to survive a Rule 12(b)(6) motion, the complaint must provide "enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element." <u>Id.</u> at 234 (quoting <u>Twombly</u>, 550 U.S. at 556, 127 S.Ct. at 1965, 167 L.Ed.2d at 940) (internal quotations omitted).

---

[27]     The United States Supreme Court's Opinion in <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 684, 129 S.Ct. 1937, 1953, 173 L.Ed.2d 868, 887 (2009), states clearly that the "facial plausibility" pleading standard set forth in <u>Twombly</u> applies to all civil suits in the federal courts.  <u>Fowler v. UPMC Shadyside</u>, 578 F.3d 203, 210 (3d Cir. 2009).  This showing of facial plausibility then "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged", and that plaintiff is entitled to relief. <u>Fowler</u>, 578 F.3d at 210 (quoting <u>Iqbal</u>, 556 U.S. at 678, 129 S.Ct. at 1949, 173 L.Ed.2d at 884).

The court is required to conduct a two-part analysis when considering a Rule 12(b)(6) motion.  First, the factual matters averred in the complaint, and any attached exhibits, should be separated from legal conclusions asserted.  <u>Fowler</u>, 578 F.3d at 210.  Any facts pled must be taken as true, and any legal conclusions asserted may be disregarded.  <u>Id.</u> at 210-211.

Second, the court must determine whether those factual matters averred are sufficient to show that the plaintiff has a "plausible claim for relief."  <u>Id.</u> at 211 (quoting <u>Iqbal</u>, 556 U.S. at 679, 129 S.Ct. at 1950, 178 L.Ed.2d at 884).

Ultimately, this two-part analysis is "context-specific" and requires the court to draw on "its judicial experience and common sense" to determine if the facts pled in the complaint have "nudged [plaintiff's] claims" over the line from "[merely] conceivable [or possible] to plausible."  <u>Iqbal</u>, 556 U.S. at 679-680, 129 S.Ct. at 1949-1951, 178 L.Ed.2d at 884-885.

A well-pled complaint may not be dismissed simply because "it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely."  <u>Twombly</u>, 550 U.S. at 556, 127 S.Ct. at 1965, 167 L.Ed.2d at 940-941 (internal quotations omitted).

## FACTS

Taking all of the well-pled facts contained in the Amended Complaint and exhibits attached thereto as true, as I am required to do under the standard of review applicable to a motion to dismiss, discussed above, the facts of this case are as follows.

### Parties

Plaintiff Charles Bridges is African-American.[28] Plaintiff is employed by the Social Security Administration ("SSA") as an Administrative Law Judge (AL-3)("ALJ").[29]

Plaintiff was the Hearing Office Chief Administrative Law Judge ("HOCALJ") in the Office of Disability and Review ("ODAR"), Social Security Administration in Harrisburg, Pennsylvania from June 2004 until he was removed from that position on June 4, 2010.[30]

The Social Security Administration is an independent administrative agency of the United States government. Michael J. Astrue was the Commission of the administration at all times material to plaintiff's claims.  Carolyn W. Colvin

---

[28]     Amended Complaint at ¶ 4.

[29]     Id. at ¶ 20.

[30]     Id. at ¶¶ 5(A), and 20.

    The ODAR is the division of the Social Security Administration that is responsible for adjudicating entitlement to social security benefits for applicants who were initially denied such benefits by staff in local Social Security Administration offices.  Id. at ¶ 31.

became Acting Commission of the Social Security Administration on February 14, 2013.[31]

Defendant Jasper Bede was Regional Chief Administrative Law Judge (AL-2) for ODAR Region 3 at all times relevant to plaintiff's claims.  Defendant Bede's office is located in Philadelphia, Pennsylvania.  Defendant Bede is a white male.[32]  Defendant Bede's first-line supervisor at all times relevant to plaintiff's claims was Debora Bice, Chief Administrative Law Judge of the ODAR.  Defendant Bede's second-line supervisor at all times relevant to plaintiff's claims was Glen Sklar, Deputy Commissioner of the ODAR.  Chief ALJ Bice and Deputy Commissioner Sklar each have their office in Falls Church Virginia.[33]

Defendant Janet Landesburg and defendant Reana Sweeney are, and were at all times relevant to plaintiff's claims, ALJs in the Harrisburg ODAR.  Defendants Landesburg and Sweeney reported to plaintiff during the time he was the HOCALJ in Harrisburg.[34]  Defendants Landesburg and Sweeney are both white

---

[31]    Amended Complaint at ¶ 21.

[32]    Id. at ¶ 44.

[33]    Id. at ¶ 23.

[34]    Id. at ¶¶ 24-25.

females.[35]  Defendant Sweeney preceded plaintiff in the position of HOCALJ in Harrisburg prior to June 2004.[36]

## Social Security Claims Process

The Social Security Administration provides retirement, disability, and survivor benefits to qualified individuals.  In 2011, nearly 55 million people received $ 727 billion in social security benefits.  In 2011, disability benefits were paid to 9.8 million people.[37]

The process to obtain benefits begins when an individual files an application for benefits at a local office of the Social Security Administration.  A SSA employee at the local office will determine whether the applicant meets the non-medical requirements to qualify for benefits.

If the applicant meets the non-medical requirements, the application is sent to the Disability Determination Service ("DDS") or is transferred to the local office in the state where the applicant resides.[38]  The DDS then makes the determination of whether the applicant is disabled under the applicable social security law.[39]

---

[35]      Amended Complaint at ¶ 44.

[36]      Id. at ¶ 25.

[37]      Id. at ¶¶ 26-27.

[38]      Id. at ¶ 28.

[39]      Id. at ¶ 29.

If the DDS determines that an individual is not disabled and denies the application for benefits, that denial can be appealed. The SSA in some states (though not in Pennsylvania) employs reconsideration by the DDS as the first stage of the appeals process. Next, the applicant may appeal through a hearing with an ALJ. The applicant may next appeal the ALJ's decision to an Appeals Council, and may then appeal further to the federal district courts and circuit courts of appeal.[40]

Plaintiff's claims in this action relate to the hearing by ALJs in the Harrisburg ODAR of appeals filed by applicants for social security benefits.[41]

### Role of HOCALJ

The Hearing Office Chief Administrative Law Judge acts in a managerial capacity for local offices within each region of the ODAR. The HOCALJ is responsible for the overall performance of the hearing office.[42]

---

[40]     Amended Complaint at ¶ 29.

[41]     Id. at ¶ 30.

[42]     Id. at ¶ 32.

The ALJ Collective Bargaining Agreement governs the relationship between HOCALJs and the ALJs they supervise,[43] and specifies employee rights, establishes grievance and arbitration procedures, work hours, and the like.[44]

The ALJ Collective Bargaining Agreement also cross-references and incorporates the statutory rights and enabling authority of SSA ALJs found at 5 U.S.C. §§ 3105, 1305, and 7521 (among other sections).[45]

A document known as HALLEX sets forth the processes by which a claimant's appeal is administered within the SSA.[46] Through the HALLEX document, the Deputy Commissioner of the ODAR conveys guiding principles, procedural guidance, and other information to ODAR staff, including ALJs.[47]

In August 2008, the Inspector General of the Social Security Administration completed a report which contained a significant quantitative and qualitative review of SSA regional

---

[43]      The "National Agreement [Master Agreement] Between The Association of Administrative Law Judges (AALJ), International Federation of Professional and Technical Engineers (IFPTE), AFL-CIO and ODAR" governs, in substantial part, the relationship between HOCALJs and the ALJs in each respective local hearing office.  Amended Complaint at ¶ 33.

         The name of this document is abbreviated by plaintiff in the Amended Complaint, and I will refer to it in this Opinion, as "ALJ Collective Bargaining Agreement".  Id.

[44]      Amended Complaint at ¶ 34.

[45]      Id. at ¶ 35.

[46]      Id. at ¶ 36.

[47]      Id. at ¶ 37.

and local office performance and the roles of ALJs.[48]  The report
noted that the number of cases processed per year increased from
2005 through 2007, but also noted the increasing overall volume
of benefit claims which continued to present a case-processing
challenge.[49]

The HALLEX document provides that, in addition to
hearing and deciding cases, the HOCALJ -- under delegation from
the Chief Administrative Law Judge -- "has the authority to
assign cases to ALJs."[50]  Moreover, the HALLEX document provides
that

> The HOCALJ has administrative and managerial
> responsibility for all personnel in the hearing office
> (HO) and provides overall guidance and direction
> regarding adherence to time and attendance procedures;
> staffing, space, equipment and expert witness needs;
> rotational assignment of cases and review of work
> products; application of performance standards and
> appraisals; and approval of travel vouchers,
> itineraries and expenditures.[51]
>
> *    *    *
>
> The HOCALJ...ensures compliance with the principles of
> equal employment opportunity and HOA's Affirmative
> Employment Plan, and conducts labor management
> functions consistent with collective bargaining

---

[48]      Amended Complaint at ¶ 38.

[49]      Id. at ¶ 40.

[50]      Id. at ¶ 41.

[51]      Id. at ¶ 41.

agreements.  The HOCALJ also ensures the timely and accurate response to public and congressional inquiries...and conducts periodic training.[52]

One of the essential roles of a HOCALJ is to assign and reassign appeal cases to ALJs within the hearing office to ensure the cases are disposed of efficiently.[53]  Specifically, the ALJ Collective Bargaining Agreement provides that "nothing in [the] agreement shall effect the authority of any management official of any agency...(B) to assign work, to make determinations with respect to contracting out, and to determine the personnel by which agency operation should be conducted."[54]

ALJs serve in non-managerial roles and are responsible for conducting hearings, when necessary, and issuing a decision on an appeal after a case is assigned to them.[55]

### Harrisburg, Pennsylvania Hearing Office

During plaintiff's tenure as HOCALJ from June 2004 through June 2010, the Harrisburg, Pennsylvania office of the ODAR was among the most efficiently run ODAR offices in the country.[56]

---

[52]     Amended Complaint at ¶ 41.

[53]     Id. at ¶ 43.

[54]     Id. at ¶ 46.

[55]     Id. at ¶ 42.

[56]     Id. at ¶¶ 48-61.

Case intake personnel (led by Group Supervisors) are responsible for new-case intake and the "working-up" of each new case.[57]  Those cases are then assigned to an ALJ in the local office on a rotational basis using the "Master Docket" system adopted by the Harrisburg office in 2000, prior to plaintiff become the HOCALJ for that office.[58]

Under the Master Docket system, all new cases were placed in a "holding area" before they were worked up.  Under this system, an ALJ in the hearing office could view, electronically, the list of cases to be disposed of and take that opportunity to have a ready-to-be-reviewed case assigned to that ALJ.[59]

During plaintiff's tenure as HOCALJ for the Harrisburg office, each ALJ in the office kept a docket of cases that he or she had requested and which remained for adjudication.  During plaintiff's tenure as HOCALJ, no request by an ALJ to have a particular case assigned to him or her was refused.[60]

The time it takes for a case to be processed through a hearing office -- including ALJ review -- is an objective

---

[57]       Amended Complaint at ¶ 49.  "Working up" a case is the process by which the appeal file is assembled.  Id.

[58]       Id. at ¶ 50.

[59]       Id. at ¶ 50.

[60]       Id. at ¶ 51.

criterion under with the overall performance of a hearing office is measured.[61]

Nevertheless, certain cases are of a more critical nature than others, and the HOCALJ must use established SSA policies to generally categorize cases into degrees of priority.[62]

In 2003, an ODAR initiative was promulgated to address a developing backlog of cases which provided for the rotational assignment of high-priority cases.[63]

In 2007, during his tenure as HOCALJ in Harrisburg and consistent with the 2003 initiative, plaintiff implemented a local initiative concerning such cases.  The highest-priority cases were rotated among the ALJs in the Harrisburg office (as opposed to being assigned upon request by each ALJ from the "holding area").  Plaintiff informed his supervisor, defendant Bede, of the local initiative at that time.[64]

The expectation is that an ALJ will issue 500 case dispositions in a given year, but not all ALJs work at the same productivity levels.[65]

---

[61]        Amended Complaint at ¶ 52.

[62]        Id. at ¶ 53.

[63]        Id. at ¶ 53.

[64]        Id. at ¶ 56.

[65]        Id. at ¶¶ 57 and 59.

During plaintiff's tenure as HOCALJ, the Harrisburg office had an average case-processing time of 265 days, which placed the Harrisburg hearing office among the most well-run, and top-producing in the nation.  During that period of time, by way of example, the Middlesboro, Kentucky hearing office had an average case-processing time of 290 days, whereas the Atlanta, Georgia hearing office's average was 900 days.[66]

### Plainitiff's Removal as HOCALJ

On June 4, 2010, plaintiff was informed through an email from defendant Bede that he was removed from the position of HOCALJ for the Harrisburg hearing office.

Defendants Landesburg and Sweeney communicated with other supervising ALJs within Region 3 in an effort to prevent plaintiff from being appointed to another HOCALJ within the region.[67]

Defendant Sweeney urged defendant Bede to remove plaintiff as HOCALJ without providing plaintiff notice and an opportunity to be heard.  Defendant Landesburg "echoed" this request.[68]  Specifically, defendant Sweeney, in an email sent

---

[66]      Amended Complaint at ¶ 60.

[67]      Id. at ¶ 63 n.3.

[68]      Id. at ¶ 64.

July 17, 2009 to defendants Bede and Landesburg, asked "that Bridges be removed as HOCALJ in the Harrisburg Office."[69]

Defendant Bede cited an employee grievance filed against plaintiff by defendant Landesburg as the reason plaintiff was removed from the HOCALJ position in Harrisburg.[70]

### Defendant Landesburg's Grievance

On May 13, 2010 plaintiff -- who was still the HOCALJ at that time -- received an inquiry concerning a case then pending in the Harrisburg office. The inquiry originated from the office of the late Senator Arlen Spector. Plaintiff determined that the case was pending before defendant Landesburg and met with her to determine its estimated date for disposition.

At the time of plaintiff's meeting with defendant Landesburg, the case had been pending for more than 530 days.[71] Defendant Landesburg indicated that she would need months to complete the case and could not provide a definitive date for disposition. Based upon the meeting, and his determination that the case was not particularly complex and was high-priority because of the claimants age and lack of job skills, plaintiff

---

[69]        Amended Complaint at ¶ 64.

[70]        Id. at ¶ 65.

[71]        Id. at ¶ 66.

decided to exercise his managerial authority and reassign the case.

Upon reassignment, the case was disposed of by plaintiff himself in one day.[72]  Plaintiff provided defendant Landesburg with a replacement case.[73]

Defendant Landesburg subsequently filed a grievance under the ALJ Collective Bargaining Agreement based upon plaintiff's reassignment of that case.[74]

On June 3, 2010 defendant Bede contacted plaintiff and asked that plaintiff resign his position as HOCALJ for the Harrisburg office and cited plaintiff's recent reassignment of the case from defendant Landesburg as the basis for the resignation request.[75]

Plaintiff did not resign on June 3, 2010 as requested by defendant Bede because defendant Landesburg's grievance had not been resolved pursuant to procedures set forth in the ALJ Collective Bargaining Agreement and because defendant Bede had not spoken with or met with plaintiff to discuss the basis for

---

[72]         Amended Complaint at ¶¶ 67-68.

         Although plaintiff does not expressly aver in his Amended Complaint to whom he reassigned the case, it appears from the materials which plaintiff attached to his Amended Complaint that he reassigned the case to himself and disposed of it almost immediately.  See Id. at page 92a.

[73]         Id. at ¶ 69.

[74]         Id. at ¶ 70.

[75]         Id. at ¶ 71.

the resignation request prior to making the actual request to plaintiff on June 3, 2010.[76]

Defendant Bede did not have the authority to remove a HOCALJ like plaintiff, because only the Chief Administrative Law Judge for Region 3 (defendant Bede's supervisor) could do so.[77] Nevertheless, when plaintiff refused to resign, defendant Bede removed plaintiff from the position of HOCALJ for the Harrisburg office by email the following day, June 4, 2010.[78]

Prior to the events of June 3-4, 2010, defendants Landesburg and Sweeney engaged in a pattern of conduct in which they repeatedly contacted defendant Bede directly to complain about the assignment and reassignment of cases in the Harrisburg office and to attack the independence and integrity of plaintiff's review of social security cases, and to seek to have defendant Bede remove plaintiff as HOCALJ in Harrisburg.[79]

These actions by defendants Bede, Landesburg, and Sweeney were motivated by racial animus, and not by concern over case assignments within the Harrisburg hearing office or plaintiff's performance in reviewing his own cases.[80]

---

[76]        Amended Complaint at ¶¶ 72-73.

[77]        Id. at ¶ 73.

[78]        Id. at ¶¶ 74-75.

[79]        Id. at ¶¶ 74.

[80]        Id. at ¶¶ 76 and 81.

## Subsequent Events

Following his removal from the position of HOCALJ in Harrisburg (to a position as an ALJ in that office), plaintiff sought three open HOCALJ positions within Region 3 of the SSA and was not selected for any of those positions.[81]

## PLAINTIFF'S CLAIMS[82]

### Federal Claims

In Count I of the Amended Complaint,[83] plaintiff alleges that the Social Security Administration violated the prohibition on racial discrimination in employment imposed by

---

[81]     See Amended Complaint at ¶¶ 83 and 85.

[82]     The eight counts in plaintiff's Amended Complaint are labeled as follows:

        Count I -- Violation of Title VII's Prohibition Against Racial Discrimination

        Count II -- Request for Declaratory Ruling That Defendants Have Effected an Adverse Employment Act Against Plaintiff in Violation of Due Process

        Count III -- Retaliation

        Count IV -- Defamation of Defendants Bede, Sweeney, and Landesburg

        Count V -- Individual Employees Tortious Interference With Contractual Relations

        Count VI -- Intentional Infliction of Emotional Distress of Bede, Sweeney, and Landesburg

        Count VII -- Individual Liability of Federal Employee Defendants for Wrongful Discharge in Violation of Public Policy

        Count VIII -- Individual Liability of Federal Employee Defendants for Intrusion [Upon] Seclusion

[83]     Amended Complaint at ¶¶ 62-78.

-28-

Title VII by impermissibly considering plaintiff's race in its employment decisions and by subjecting plaintiff to a racially-hostile work environment.[84]

In Count II of the Amended Complaint,[85] plaintiff seeks a declaratory ruling -- pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201 -- that defendants effected an adverse employment action (removal from the HOCALJ position in Harrisburg) against plaintiff in violation of his right to procedural due process under the Fifth Amendment to the United States Constitution.[86]

---

[84]       Amended Complaint at ¶¶ 6-8.

         In response to defendants' Motion to Dismiss, plaintiff states that Count I of the Amended Complaint "alleges impermissible discrimination based on race pursuant to Title VII against his employer, the Social Security Administration (SSA), (sued in the capacity of the head of the agency)." Plaintiff's Answer to Motion at ¶ 4.

[85]       Amended Complaint at ¶¶ 79-82.

[86]       In paragraph 5(A) of the Amended Complaint, plaintiff allages that he was removed from the position of HOCALJ on June 4, 2010 without due process required by the United States Constitution and the Opinion of the United States Supreme Court in Cleveland Board of Education v. Loudermill, 470 U.S. 532, 105 S.Ct. 1487 (1985).

         In response to defendants' motion to dismiss his Amended Complaint, plaintiff states that Count II of the Amended Complaint seeks a declaratory Order that defendants Bede, Landesburg, and Sweeney "intention-ally violated Plaintiff's due process [rights] in removing him [as HOCALJ in Harrisburg]".  Alternatively, plaintiff argues that those defendants acted "in concert" and "with reckless indifference to the due process rights of Plaintiff."  Plaintiff's Answer to Motion at ¶ 5.

In Count III of the Amended Complaint,[87] plaintiff alleges that defendant Bede violated Title VII's anti-retaliation provision.[88]

### State Claims

In addition to the above federal claims, plaintiff purports to assert state constitutional, and does assert state-statutory and common-law, claims against the individual federal-employee defendants Bede, Landesburg, and Sweeney.[89]

In Count IV of the Amended Complaint,[90] plaintiff asserts a Pennsylvania state-law claim of defamation against the federal-employee defendants based upon alleged (though unspeci-

---

[87]         Amended Complaint at ¶¶ 83-85.

[88]         In paragraph 5(C) of the Amended Complaint, plaintiff alleges that he was subjected to retaliation for his "participation in protected activities and protected speech under the First Amendment" and that the retaliation took the form of a "pattern of refusing to accept Plaintiff's job bid information and resume, and, otherwise [refusing] to provide Plaintiff any meaningful opportunity to compete for and obtain vacant positions for [Hearing Office] Chief Administrative Law Judge, Social Security Administration, Region 3". Thus, paragraph 5(C) suggests that plaintiff may have been attempting to assert a First-Amendment retaliation claim in this case.

         Moreover, in response to defendants' Motion to Dismiss, plaintiff states that Count III of the Amended Complaint is "directed to defendant Bede" and alleges "willful and intentional retaliation" and "relies on Title VII and the United States Constitution, to the extent a separate constitutional violation against the [defendant Bede] is not preempted by the Title VII action." Plaintiff's Answer to Motion at ¶ 6.

         However, neither his Amended Complaint, nor his answer and memorandum in opposition to defendants' Motion to Dismiss, advance the factual or legal basis for a First-Amendment retaliation claim. Plaintiff's passing reference to the First Amendment is insufficient to state such a retaliation claim.

[89]         See Amended Complaint at ¶¶ 86-88.

[90]         Id. at ¶¶ 86-92.

fied) statements "and innuendo" suggesting that plaintiff did not properly apply the social security laws and regulations, or is somehow unethical, biased, or dishonest in his application of those laws and regulations to disability cases in his adjudications.[91]

In Count V of the Amended Complaint,[92] plaintiff asserts a Pennsylvania state-law claim of tortious interference with contractual relations against the individual federal-employee defendants based upon their alleged violations of the Collective Bargaining Agreement between HOCALJs and subordinate ALJs.

In Count VI of the Amended Complaint,[93] plaintiff asserts a Pennsylvania state-law claim of intentional infliction of emotional distress against the individual federal-employee defendants.

In Count VII of the Amended Complaint,[94] plaintiff asserts a Pennsylvania state-law claim of wrongful discharge in violation of public policy against the individual federal-employee defendants.

---

[91]      Amended Complaint at ¶¶ 89-92.

[92]      Id. at ¶¶ 93-94.

[93]      Id. at ¶¶ 95-97.

[94]      Id. at ¶¶ 98-99.

In Count VIII of the Amended Complaint,[95] plaintiff asserts a Pennsylvania state-law claim of tortious intrusion upon seclusion against the individual federal-employee defendants.[96]

In his prayer for relief,[97] plaintiff seeks a declaratory ruling from the court that his rights under the First and Fifth Amendments to the United States Constitution were violated through his unlawful removal from the position of HOCALJ.  Additionally, plaintiff seeks compensatory damages pursuant to 42 U.S.C. §§ 1981a(b) and  2000e-5(g) -- including damages for future pecuniary loss, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and for other non-pecuniary losses.  Finally, plaintiff seeks compensatory damages against defendant federal employees for their violation of state constitutional law and state common law.[98]

---

[95]       Amended Complaint at ¶¶ 100-101.

[96]       Plaintiff's intrusion-upon-seclusion claim appears to be based upon their disclosure of information concerning plaintiff's participation in, and settlement with the EEOC, of a previously-asserted complaint of racial discrimination involving the Social Security Administration.  See Id. at ¶¶ 100-101.

[97]       Amended Complaint at page 41.

[98]       Id.

## CONTENTIONS OF THE PARTIES

### Contentions of Defendants

First, defendant contends that all claims against the individual federal-employee defendants Bede, Landesburg, and Sweeney must be dismissed.

Specifically, defendants contend that Title VII provides the exclusive judicial remedy for claims of discrimination in federal employment, and that Title VII precludes other federal statutory claims for money damages based upon alleged racial discrimination.[99]  Moreover, defendants contend that Title VII requires all such claims to be brought against the head of the employer-agency in his or her official capacity.

Additionally, defendants contend that plaintiff's putative state-law claims against the individual federal-employee defendants must be dismissed because the Federal Tort Claims Act[100] "is the exclusive waiver of sovereign immunity for actions sounding in tort against the United States, its agencies and/or officers acting within their official capacity."[101]

---

[99]      Defendants' Memorandum at page 3 (citing Owens v. United States, 822 F.2d 408, 410 (3d Cir. 1987)).

[100]     28 U.S.C. §§ 2671 to 2680.

[101]     Defendants' Memorandum at page 5 (quoting J.D. Pflaumer, Inc. v. United States Department of Justice, 450 F.Supp. 1125, 1132 n.11 (E.D.Pa. 1978)(VanArtsdalen, J.)).

In other words, defendants contend, plaintiff may not bring suit alleging state-law tort claims against a federal employee; but must bring such claims against the United States under the Federal Tort Claims Act.[102]  Therefore, according to defendants, plaintiff's claims for defamation, tortious interference with contractual relations, intentional infliction of emotional distress, wrongful discharge, and intrusion upon seclusion must be dismissed.[103]

Second, defendants contend that the court must dismiss plaintiff's claims asserted under Title VII for discrimination, retaliation, and hostile work environment against defendant Commissioner because plaintiff failed to timely exhaust his administrative remedies with respect to those claims.  Moreover, defendants contend that equitable tolling does not apply to render plaintiff's claims timely because he was not actively misled by the SSA or the individual defendants or otherwise prevented from seeking equal employment opportunity counseling and asserting his rights in a timely fashion.[104]

---

[102]        Defendants' Memorandum at page 6.

        Defendants further note that plaintiff has not asserted a claim under the Federal Tort Claims Act and cannot now do so because he has not exhausted administrative remedies as would be required for such a claim.  Id. (citing 28 U.S.C. §§ 2672 and 2675).

[103]        Defendants' Memorandum at page 6.

[104]        Id. at pages 10-12.

Third, defendants contend that the court must dismiss plaintiff's Title VII employment discrimination claims against defendant Commissioner because he has not pled any adverse employment action.  Specifically, defendants contend that plaintiff's removal from (and subsequent non-selection for) a HOCALJ position is not an adverse employment action because it was merely "a change of title, but no change in position."[105]

Fourth, and similarly, defendants contend that plaintiff's has not stated a plausible claim of retaliation against defendant Commissioner because the change affected by his removal as HOCALJ was not serious or tangible enough to dissuade a reasonable employee from making or supporting a charge of discrimination as required to state a retaliation claim under Title VII.[106]

Fifth, and finally, defendants contend that plaintiff fails to state a claim under Title VII against defendant Commissioner based upon a racially-hostile work environment because plaintiff has not pled facts sufficient to state such a claim.[107]

---

[105]     Defendants' Memorandum at pages 12-16.

[106]     Id. at pages 18-19.

[107]     Id. at pages 20-22.

## **Contentions of Plaintiff**

Plaintiff contends that defendants' motion to dismiss his Amended Complaint should be denied.

First, plaintiff contends that defendants' motion should be denied to the extent it seeks to dismiss his federal employment-discrimination claims as untimely based upon his alleged failure to exhaust administrative remedies because plaintiff received a letter dated August 12, 2012 from the United States Equal Employment Opportunity Commission informing him that that EEOC would not be taking any further action with respect to his case, and because the continuing-violation theory and the discovery rule each apply and render his Title VII claims timely.[108]

Second, plaintiff contends that defendants' argument that Title VII provides the sole remedy to plaintiff for the alleged racial discrimination related to his federal employment is overbroad and does not properly consider the doctrine of absolute immunity.[109]  Specifically, plaintiff contends that state constitutional and common law claims based upon the same facts and circumstances as a federal Title VII claim are not precluded

---

[108]      Plaintiff's Memorandum at pages 6-10.

[109]      Id. at page 10.

unless the federal-employee-defendant is entitled to absolute immunity,[110] which plaintiff contends these defendants are not.[111]

Third, plaintiff contends that his claim for declaratory relief in Count II of the Amended Complaint is not precluded by Title VII.[112]

Fourth, and finally, plaintiff contends that defendants' argument that his Title VII claims should be dismiss because his removal from the HOCALJ position back to an ALJ position was not an adverse employment action is without merit because that change in position effected a significant negative change in his employment status.[113]

### Reply of Defendants

In response to plaintiff's argument that his state constitutional and state-law tort claims against the individual federal-employee defendants should survive based upon Owens, supra, defendants contend that (A) plaintiff has not asserted any state constitutional claims in this action, and (B) this case is distinguishable from Owens because plaintiff's allegations concerning the individual defendants arise from

---

[110]        Plaintiff's Memorandum at pages 10-13.

[111]        Id. at pages 13-15.

[112]        Id. at pages 16-17.

[113]        Id. at page 17.

their actions taken within the scope of their federal employment.[114]

Defendants further reply by arguing that plaintiff misstates the law in arguing that he properly exhausted his administrative remedies and that his employment discrimination claim was timely filed in this action.  More specifically, defendants assert that, pursuant to Ettinger v. Johnson, 518 F.2d 648, 651-652 (3d Cir. 1975), a plaintiff "runs afoul of the exhaustion doctrine if [he] failed to bring [his] complaints to the attention of the counselor within the [45-day] time limit prescribed."[115]

In response to plaintiff's continuing-violation argument in support of his hostile-work-environment claim, defendant contends that plaintiff has not averred any actions taken by the individual defendants after plaintiff's June 4, 2010 removal as HOCALJ which could be viewed as part of a racially-hostile work environment, and, thus, that plaintiff's hostile-work-environment claim is still time-barred.[116]

In response to plaintiff's discovery-rule argument, defendants contend that it would not alter the June 4, 2010

---

[114]    Defendants' Reply Brief at pages 1-2.

[115]    Id. at pages 3-4.

[116]    Id. at page 4.

start-date for the 45-day window because plaintiff knew on that
date that he was removed from his position as HOCALJ.[117]

## DISCUSSION

### Claims Against Individual Federal-Employee Defendants

As noted above, defendants contend that plaintiff's
claims against the individual federal-employee defendants Bede,
Landesburg, and Sweeney must be dismissed.

#### Title VII Exclusivity

Plaintiff acknowledges that Title VII provides federal
employees with an exclusive remedy for claims of racial
discrimination, but contends that "state constitutional and
common law claims are permissible [even when such claims] are
based upon the same facts and circumstances as the Title VII
claim, [so] long as the federal official is not afforded
absolute immunity."[118]

In Owens v. United States, a case to which plaintiff
and defendants each cite, the United States Court of Appeals for
the Third Circuit stated that "Title VII provides federal
employees a remedy that precludes actions against federal
officials for alleged constitutional violations as well as
actions under other federal legislation."  822 F.2d 408, 410

---

[117]      Defendants' Reply Brief at page 5.

[118]      Plaintiff's Memorandum at page 13 (citing Owens v. United States,
822 F.3d 408 (3d Cir. 1987), and Crespo-Medina v. Secretary of the Navy,
2001 U.S.Dist. LEXIS 15116 (E.D.Pa. Sept. 24, 2001)(Buckwalter, J.)).

(3d Cir. 1987)(internal quotations omitted).  Moreover, the
Third Circuit noted that "a Title VII action is properly filed
only against the head of the relevant federal agency."  Owens,
822 F.2d at 410; see 42 U.S.C. § 2000e-16(c).

　　　　　Accordingly, to the extent that plaintiff seeks to
assert race-based discrimination claims in his Amended Complaint
against defendants Bede, Landesburg, and Sweeney pursuant to the
United States Constitution, 42 U.S.C. §§ 1981 or 1983, or any
other federal statute, such claims are precluded by Title VII
and, thus, dismissed.

　　　　　As part of their Title VII-exclusivity argument,
defendants contend that plaintiff's putative claim -- in
Count II of the Amended Complaint -- that he was removed from
the HOCALJ position without due process of law is improper
because that due process claim arises from plaintiff's
employment relationship with the SSA and his claims of racial
discrimination.[119]

　　　　　While Title VII precludes a federal-employee plaintiff
from asserting a claim of racial discrimination under another
federal statute, Title VII does not prevent a plaintiff from
alleging procedural due process violations in the same course of
conduct from which the Title VII claim arose. In Shaffer v.
Secretary of the Department of Veterans Affairs, 2008 U.S.Dist.

---

[119]　　　　　Defendants' Memorandum at page 5.

LEXIS 22967, at *64-74 (W.D.Pa. March 24, 2008), the district court held that Title VII precluded a federal-employee-plaintiff's claim of discrimination in violation of the equal-protection component of the Fifth Amendment to the United States Constitution.  However, it did not preclude plaintiff's claim asserting a procedural due process violation under the Fifth Amendment.

In his memorandum, plaintiff claims that "no required procedural due process opportunity was afforded him prior to his removal."[120]  In short, Count II of the Amended Complaint seeks a declaratory ruling that plaintiff's removal from the HOCALJ position in Harrisburg constituted a violation of his right to procedural due process in violation of the Fifth Amendment to the United States Constitution, and does not concern illegal discrimination.[121]

Therefore, to the extent defendants contend that Title VII precludes plaintiff from alleging that his removal as HOCALJ was a violation of procedural due process, as well as racial discrimination in violation of Title VII, that argument is unavailing.  Accordingly, I deny the motion to the extent that it seeks dismissal of Count II of the Amended Complaint on that ground.

---

[120]        Plaintiff's Memorandum at page 16.

[121]        Id.

In <u>Araujo v. Welch</u>, 742 F.2d 802 (3d Cir. 1984), the United States Court of Appeals for the Third Circuit provides an analysis to determine whether a federal employee may assert additional state constitutional claims or state common-law claims based upon the same events giving rise to his federal Title VII claim.  <u>Owens</u>, 822 F.2d at 410 (citing <u>Araujo</u>, <u>supra</u>).[122]  However, because plaintiff's state-law claims are dismissed for the reasons expressed below, that analysis is not necessary here.

With respect to "state constitutional" claims, as defendants correctly note,[123] plaintiff does not state any such claims here.

To be sure, plaintiff makes vague reference to such state-constitutional claims in his Amended Complaint.[124] Specifically, plaintiff avers that "based upon the same facts and circumstances as [his] Title VII claim...[the] federal employee defendants have engaged in actionable conduct according

---

[122]      Plaintiff's Memorandum at pages 13-15.

[123]      Defendants' Reply Brief at page 2 n.1.

[124]      Amended Complaint at ¶ 87; <u>see</u> Plaintiff's Answer to Motion at ¶ 7.

to state constitutional, statutory, and common law for which
they do not enjoy absolute immunity."[125]

However, nowhere in the Amended Complaint, Plaintiff's
Answer to Motion, or Plaintiff's Memorandum does he mention or
cite any provisions of the Constitution of the Commonwealth of
Pennsylvania, nor does he explain how his Amended Complaint
provides notice of the legal basis and sufficient facts to state
a plausible claim under the Pennsylvania Constitution.  In
short, plaintiff has not stated any viable claims under the
Pennsylvania Constitution in this matter.

While plaintiff does not state any state
constitutional claims, he does assert other Pennsylvania state-
law claims against defendants Bede, Landesburg, and Sweeney in
the Amended Complaint -- namely, claims for defamation in
violation of 42 Pa.C.S.A. § 8343 (Count IV), tortious
interference with contractual relations (Count V), intentional
infliction of emotional distress (Count VI), wrongful discharge

---

[125]        Amended Complaint at ¶ 87.  In paragraph 87 of the Amended
Complaint, plaintiff then states that "[s]ubstantial attribution to the
counts against the individual federal employee defendants will be given to
Ruder v. Pequea Valley School District, 790 F.Supp.2d 377 (E.D.Pa.
2011)"(Goldberg, J.).  I interpret that statement in the Amended Complaint to
mean that plaintiff contends that the Ruder case supports his Pennsylvania
pendent state-law claims.  However, the Ruder case involved neither federal
employee defendants, nor claims asserting violations of the Constitution of
the Commonwealth of Pennsylvania.  Moreover, plaintiff does not cite the Ruder
case in Plaintiff's Memorandum, much less offer a discussion of how that case
supports his claims here.

-43-

in violation of public policy (Count VII), and invasion of

privacy by intrusion upon seclusion (Count VIII).

    As discussed below, defendants contend that those

claims must be dismissed as well.

### Federal Tort Claims Act Exclusivity

    Defendants contend that, to the extent plaintiff seeks

to assert state-law claims against defendants Bede, Landesburg,

and Sweeney in Counts IV through VIII, those claims must be

dismissed because the Federal Tort Claims Act, 28 U.S.C.

§§ 2671-2680 ("FTCA"), "is the exclusive waiver of sovereign

immunity for actions sounding in tort against the United States,

its agencies and/or officers acting within their official

capacity" and plaintiff has not properly asserted his claims in

the manner required by the FTCA.[126]

    More specifically, defendants contend that, pursuant

to the FTCA, plaintiff may not bring a suit for state-law torts

against federal employees and, therefore, that to the extent

plaintiff attempts to assert such claims against defendants

Bede, Landesburg, and Sweeney for defamation (Count IV),

tortious interference with contractual relations (Count V),

intentional infliction of emotional distress (Count VI),

wrongful discharge in violation of Pennsylvania public policy

---

[126]     Defendants' Memorandum at pages 5-6 (quoting J.D. Pflaumer, Inc.
v. United States, 450 F.Supp.2d 1125, 1132 n.11 (E.D.Pa. 1978)(Van Artsdalen,
J.).)

(Count VII), and intrusion upon seclusion (Count VIII), those claims must be dismissed.

Plaintiff's Memorandum does not address defendants' argument that the Federal Tort Claims Act requires dismissal of his state common-law tort claims.[127]

Rule 7.1(c) of the Rules of Civil Procedure for the United States District Court for the Eastern District of Pennsylvania provides that "any party opposing the motion shall serve a brief in opposition....  In the absence of a timely response, the motion may be granted as uncontested...."  This court has held that "[f]ailure to address even part of a motion in a responsive brief may result in that aspect of the motion being treated as unopposed."  Nelson v. DeVry, Inc., 2009 U.S.Dist. LEXIS 38161, *35-36 (E.D.Pa. April 23, 2009) (Jones, J.)(citing Jackson v. J. Lewis Crozer Library,

---

[127]     See Plaintiff's Memorandum at pages 6-17.  Not only does plaintiff fail to address defendants' argument concerning the Federal Tort Claims Act, his referral of the court to Shaffer, supra, further suggests a lack of substantive opposition to defendants' FTCA argument.

Specifically, in Shaffer, plaintiff Kim Ronce Shaffer, D.D.S., filed suit against two defendants -- the Secretary of the Department of Veterans Affairs ("VA"), and the United States of America.  Dr. Shaffer had been employed by the VA as a dentist, and there, as here, the claims sounded in employment discrimination and procedural due process violations.  See Shaffer, 2008 U.S.Dist. LEXIS 22967, at *15-16.  Similarly, Dr. Shaffer also sought redress for certain state-law torts, including negligent infliction of emotional distress.  Id. at *16.

However, unlike plaintiff here, Dr. Shaffer asserted his tort claims pursuant to the FTCA.  Id. at *16-17.  Ultimately, the Shaffer court concluded that a plain reading of the complaint demonstrated that plaintiff's tort claims under the FTCA were based upon the same allegations of discrimination as his Title VII claim and, therefore, that the tort claims were precluded by Dr. Shaffer's Title VII claim.  Id. at *61-62.

2007 U.S.Dist. LEXIS 61582 (E.D.Pa. August 22, 2007)(Stengel,

J.), and Mason v. Abington Township Police Department,

2002 U.S.Dist. LEXIS 17315 (E.D.Pa. September 12, 2002)(Baylson,

J.)).

   To put it simply: plaintiffs who fail to brief their

opposition to portions of motions to dismiss do so at the risk

of having those parts of the motions to dismiss granted as

uncontested.  See, e.g., Saxton v. Central Pennsylvania

Teamsters Pension Fund, 2003 U.S.Dist. LEXIS 23983, *84-85

(E.D.Pa. December 9, 2003)(Van Antwerpen, J.); Toth v. Bristol

Township, 215 F.Supp.2d 595, 598 (E.D.Pa. 2002)(Joyner, J.);

Smith v. National Flood Insurance Program of the Federal

Emergency Management Agency, 156 F.Supp.2d 520, 522 (E.D.Pa.

2001)(Robreno, J.).

   Accordingly, defendants' Motion to Dismiss is granted

as unopposed to the extent that it seeks to dismiss Counts IV

though VIII.  Therefore, I dismiss those counts from the Amended

Complaint.

   **Title VII Claims Against Social Security Administration**

   In his Amended Complaint, plaintiff alleges that he

was removed from the position of HOCALJ in Harrisburg,

Pennsylvania based upon his race, retaliated against for

-46-

engaging in statutorily-protected activity, and subjected to a
hostile work environment, all in violation of Title VII.[128]

### Hostile Work Environment

Plaintiff avers that he was subjected to a racially-
hostile work environment in violation of Title VII.  Specifi-
cally, plaintiff alleges that defendants Bede, Landesburg, and
Sweeney subjected plaintiff to a racially-hostile work environ-
ment by breaking direct supervisory protocols and by-passing
plaintiff's authority as HOCALJ.  Plaintiff asserts that
plaintiff's broke the supervisory chain because of plaintiff's
race.[129]

Defendants moved to dismiss that claim on the ground
that the facts averred in the Amended Complaint do not support a
plausible hostile-work-environment claim because plaintiff
because (1) plaintiff merely asserts that the breach of
supervisory protocol was motivated by racial bias,[130] and (2) the

---

[128]     Amended Complaint at Counts I and III; see id. at ¶¶ 5(c), and 6-
8; see also Plaintiff's Answer to Motion to Dismiss at ¶¶ 4 and 6.

[129]     Amended Complaint at ¶ 7.

[130]     Defendants' Memorandum at page 21, which quotes Davis v. City of
Newark, 285 Fed.Appx. 899, 902-903 (3d Cir. 2008), where the Third Circuit
stated," While it is not necessary for a Title VII defendant to use words
that overtly implicate racial animus to create a hostile work environment[,]
...[plaintiff] cannot sustain a claim simply by asserting an event and then
asserting that it was motivated by racial bias."

conduct underlying plaintiff's hostile-work-environment claim was not sufficiently severe or pervasive to state such a claim.[131]

Beyond his assertion that the continuing-violation doctrine applies and renders plaintiff's Title VII claims timely because plaintiff is asserting a hostile-work-environment claim, Plaintiff's Memorandum does not address or respond to defendants' argument that his Amended Complaint fails to state sufficiently a hostile-work-environment claim under Title VII.

Accordingly, and as discussed above with respect to defendants' FTCA argument, I grant defendants' Motion to Dismiss as uncontested to the extent that it seeks to dismiss plaintiff's Title VII hostile-work-environment claim from Count I of the Amended Complaint.

### Timeliness

Defendants seek to have the court dismiss plaintiff's Title VII claims against the Social Security Administration -- sued through the head of the agency (Acting Commissioner Colvin) -- because plaintiff failed to timely exhaust his administrative remedies as required under Title VII.[132]

The Third Circuit has explained that "[b]efore bringing a Title VII suit in federal court, a federal employee must initiate contact with an EEO counselor within 45 days of the

---

[131]     Defendants' Memorandum at pages 21-22.

[132]     Id. at pages 9-12.

date of the matter alleged to be discriminatory or, in the case of personnel action, within 45 days of the effective date of the action." Winder v. Postmaster General of United States, 528 Fed.Appx. 253, 255 (3d Cir. 2013)(quoting 29 C.F.R. § 1614.105(a)(1))(internal quotations omitted).

The 45-day time limit operates akin to a statute of limitations.  That is, a claim brought more than 45 days after the date it accrued will be barred.  Winder, 528 Fed.Appx. at 255 (citing Williams v. Runyon, 130 F.3d 568, 573 (3d Cir. 1997)).

Here, plaintiff claims that his removal from the HOCALJ position in the Harrisburg hearing office on June 4, 2010 violated Title VII because his race was the cause of (or, at least, a motivating factor in) defendant Bede's decision to remove him from that position,[133] and also because his removed from the HOCALJ position constituted unlawful retaliation against plaintiff for engaging in protected activity under Title VII.[134]

---

[133]      Amended Complaint at ¶¶ 5(C), 6, 44,

[134]      Id. at ¶¶ 45, 62-63, and 83-85.

It appears that plaintiff is alleging that he was subject to illegal retaliation in violation of Title VII for having previously filed and prosecuted an employment-discrimination action under Title VII in the United States District Court for the Southern District of Mississippi against the Commissioner of Social Security.  Specifically, plaintiff avers that "[t]he actions of Defendants Bede, Landesburg, and Sweeney were...retaliatory.

(Footnote 134 continued):

-49-

Defendants contend that plaintiff did not contact an Equal Employment Opportunity Counselor until October 12, 2010, more than four months (specifically, 133 days) after he was removed as HOCALJ of the Harrisburg office.  Accordingly, defendants contend that plaintiff's claims under Title VII arising from conduct prior to and including his June 4, 2010 removal as HOCALJ in Harrisburg are barred because plaintiff failed to timely exhaust his administrative remedies.[135]

Plaintiff does not contend that he contacted an EEO counselor prior to October 20, 2010, but rather contends that defendants' untimeliness argument is without merit (or, alternatively, moot) based upon a continuing-violation theory concerning his hostile-work-environment claim, and based upon application of the discovery rule to toll the 45-day limitations period.[136]

---

(Continuation of footnote 134):

These defendants knew that Plaintiff had prior involvement in Title VII actions alleging unlawful racial discrimination by the SSA in a prior office."  (Amended Complaint at ¶ 45 (citing to Bridges v. Commissioner of Social Security, case number 00-cv-00258 (S.D.Miss.)).  He further avers, in the context of Title VII's anti-retaliation provision, that he was subject to "intentional retaliation...for his objection to and use of civil proceedings redress his rights under the law"  (Id. at ¶¶ 83-84.)

The docket entries in that matter indicate that plaintiff filed an employment-discrimination action in March 31, 2000 against the SSA through its Commissioner.  Pursuant to an offer of judgment (see Fed.R.Civ.P. 68) made by the SSA and accepted by plaintiff, judgment was entered in his favor and against defendant in the amount of $90,000.000 on July 5, 2002.

[135]   Defendants' Memorandum at pages 9-12.

[136]   Plaintiff's Memorandum at pages 6-10.

As discussed above, plaintiff's putative claim under Title VII alleging a racially-hostile work environment is dismissed.  Accordingly, I do not address plaintiff's continuing-violation argument concerning the timeliness of that claim.

To the extent that plaintiff asserts claims under Title VII in Counts I and III of the Amended Complaint upon the theories that his being removed from the HOCALJ position in Harrisburg on June 4, 2010 was an adverse employment action (a) motivated by race, or (b) taken in retaliation for a judgment obtained plaintiff's favor in Title VII lawsuit against the SSA which concluded more than eight years earlier; I conclude that defendants are correct and those claims are time-barred.

In an effort to escape the time bar which would otherwise apply to plaintiff's Title VII claims arising from (and prior to) his June 4, 2010 removal as HOCALJ, plaintiff "respectfully urge[s] the court to apply the discovery rule" and cites Oshiver v. Levin, Fishbein, Sedran, & Berman, 38 F.3d 1380, 1386 (3d Cir. 1994), in support of that request.[137]

The discovery rule does not salvage plaintiff's claims.  Defendants correctly note[138] -- indeed, plaintiff does as

---

[137]     Plaintiff's Memorandum at page 9.

[138]     Defendants' Reply Brief at page 5.

well[139] -- that "a claim accrues in a federal cause of action upon awareness of actual injury, not upon awareness that this injury constitutes a legal wrong."  Oshiver, 38 F.3d at 1386; see id. at 1385, 1391.

Here, the injury underlying plaintiff's claims of race-based-removal and retaliation in violation of Title VII is plaintiff's removal from the HOCALJ position on June 4, 2010. Plaintiff avers that defendant Bede informed him of the removal on June 4, 2010.  Thus, nothing averred in plaintiff's Amended Complaint tolls the 45-day limitations period by application of the discovery rule.

Accordingly, I grant defendants' Motion to Dismiss and dismiss from Counts I and III of the Amended Complaint as time-barred, plaintiff's Title VII claims for racially-motivated removal as HOCALJ and for retaliation arising from his removal as HOCALJ.

### Retaliation

In addition to their arguments discussed above, defendants contend that plaintiff's claim of retaliation under Title VII must be dismissed because "plaintiff has not asserted **any** facts that support his claim of retaliation and that claim must be dismissed."[140]

---

[139]     Plaintiff's Memorandum at page 9.

[140]     Defendants' Memorandum at page 18 (emphasis in original).

To state a prima facie case of retaliation under Title VII, plaintiff must plead sufficient facts to support a plausible inference that (1) he engaged in activity protected by Title VII; (2) his employer took an adverse employment action against him; and (3) there was a causal connection between his participation in the protected activity and the adverse employment action.  See Wadhwa v. Secretary, Department of Veterans Affairs, 505 Fed.Appx. 209, 213 (3d Cir. 2012)(quoting Moore v. City of Philadelphia, 461 F.3d 331, 340-41 (3d Cir. 2006).

Although plaintiff did respond to defendants argument that removal from the HOCALJ position was not an adverse employment action (which is a component of defendants' argument in support of dismissal of plaintiff's Title VII retaliation claim), Plaintiff's Memorandum does not otherwise respond to defendants' argument that he failed to plead sufficient facts to support the other necessary elements of a Title VII retaliation claim.

Accordingly, and as discussed above with respect to defendants' FTCA and hostile-work-environment arguments, I grant defendants' Motion to Dismiss as uncontested to the extent it seeks to dismiss plaintiff's Title VII retaliation claim from Count III of the Amended Complaint.

## CONCLUSION

For the reasons expressed above, the Motion to Dismiss
is granted in part and denied in part.

Specifically, I grant defendants' Motion to Dismiss to
the extent that it seeks to dismiss any claims asserted in the
Amended Complaint against the individual federal-employee
defendants Bede, Landesburg, and Sweeney which allege racial
discrimination in violation of the United States Constitution,
42 U.S.C. §§ 1981a, 1983, or any other federal statute, because
Title VII provides plaintiff's exclusive remedy for such claims,
and because the individual employee defendants are not proper
defendants for such a Title VII claim.

Additionally, I grant defendants' Motion to Dismiss as
uncontested to the extent that it seeks to dismiss plaintiff's
state-law claims asserted in Counts IV through VIII of the
Amended Complaint because plaintiff did not respond to
defendants' argument that such claims were required to be
asserted against the United States under the Federal Tort Claims
Act.

Furthermore, I grant defendants' Motion to Dismiss as
uncontested to the extent that it seeks to dismiss plaintiff's
hostile-work-environment and retaliation claims under Title VII
because plaintiff did not respond to defendants' arguments that
he failed to plead sufficient facts to establish a plausible

claim that he was subject to a racially-hostile work environ-
ment, or that he was subject to retaliation in response to
Title VII-protected activity.

However, I deny defendants' Motion to Dismiss to the
extent that it seeks to dismiss plaintiff's claim that he was
removed from removed from the HOCALJ position in Harrisburg,
Pennsylvania because his removal from that position was not an
adverse employment action.  Nevertheless, I grant defendant's
motion to the extent it seeks to dismiss that claim as time-
barred because plaintiff did not pursue equal employment
opportunity counseling within 45 days of his removal as required
by Title VII, and because the facts do not support equitable
tolling or a delay of the limitations period under the discovery
rule.

Finally, I deny defendants' Motion to Dismiss to the
extent that it seeks to dismiss plaintiff's claim in Count II of
the Amended Complaint on the ground that the claim is precluded
by Title VII.  I deny defendants' motion in that respect because
Count II actually alleges that plaintiff was removed from the
HOCALJ position in Harrisburg, Pennsylvania in violation of his
right to procedural due process and does not allege illegal
discrimination, Thus, Count II is not precluded by Title VII.

Because, for the reasons expressed in this Opinion,
plaintiff's claims in Count I and Counts III through VIII of the

-55-

Amended Complaint are dismissed, the sole count which remains

for disposition is Count II.  My accompanying Order requires

defendants to answer that count by April 21, 2014.